UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
Grand Cru Liquid Assets, LLC,                           :
                                                        :     23 Civ. _____
                      Plaintiff,                        :
                                                        :
v.                                                      :
                                                        :     COMPLAINT
                                                        :
Chelsea Wine and Storage, Inc., The Chelsea             :
Winery, LTD., Amelia                                    :
Gancarz and Michael Gancarz,                            :
                                                        :
                      Defendants.                       :
--------------------------------------------------------x

      Plaintiff, Grand Cru Liquid Assets, LLC, as and for its complaint against defendants, Chelsea Wine and Storage, Inc., The Chelsea Winery, LTD., Amelia Gancarz and Michael Gancarz, by and through its undersigned attorneys, alleges as follows:

      1.      Plaintiff, Grand Cru Liquid Assets ("Grand Cru" or "Plaintiff"), brings this action against defendants, Chelsea Wine and Storage, Inc., The Chelsea Winery, LTD., Amelia Gancarz and Michael Gancarz ("Defendants"), to recover over $259,000 in damages caused by Defendants' failure to deliver wine that Grand Cru purchased and paid for months ago.

Parties, Jurisdiction, and Venue

      2.      Grand Cru is a limited liability company organized under California law. Its principal place of business is in California and all of its members are residents of California.

      3.      Chelsea Wine and Storage, Inc. is a New York corporation having its principal of business at 60 9th Avenue, New York, New York. Chelsea Wine and Storage, Inc. operates under an assumed name "The Chelsea Wine Vault".

      4.      The Chelsea Winery, LTD. is a New York corporation having its principal of business at 60 9th Avenue, New York, New York. The Chelsea Winery, LTD. also operates

under the assumed name "The Chelsea Wine Vault". Chelsea Wine and Storage, Inc. and The Chelsea Winery LTD. are collectively referred to herein as "Chelsea".

5. Upon information and belief, Defendant Amelia Gancarz is an individual residing in Chicago, Illinois and the Chief Executive Officer of Chelsea and a principal of Chelsea.

6. Upon information and belief, Defendant Michael Gancarz is an individual residing in Chicago, Illinois and a principal of Chelsea.

7. Upon information and belief, Michael Gancarz and Amelia Gancarz are the sole owners of Chelsea. Michael Gancarz and Amelia Gancarz are collectively referred to herein as the "Gancarzes".

8. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 because (a) Plaintiff is a citizen of California, (b) Chelsea Wine and Storage, Inc. is a citizen of New York, (c) The Chelsea Winery, LTD. is a citizen of New York, (d) the Gancarzes are citizens of Illinois and (e) the amount in controversy exclusive of interest and costs exceeds $75,000.

9. This Court has in personam jurisdiction over all defendants because the defendants conduct business in the State of New York and because the causes of action alleged herein arise out of the defendants' transaction of business and commission of tortious acts in the State of New York.

10. Venue in this district is proper pursuant to 28 U.S.C. §1391 because Chelsea Wine and Storage, Inc. and The Chelsea Winery, LTD. are citizens of New York and because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

Factual Background

11. During or about May 2023 Grand Cru agreed to purchase and Chelsea agreed to sell two parcels of Burgundy wine for $349,000 (the "Burgundy Wine").

12. It was agreed that Chelsea would provide the Burgundy Wine within thirty (30) days of payment.

13. On or about May 10, 2023 Chelsea sent Invoice 207085 in the amount of $174,000 to Grand Cru in connection with the purchase of the Burgundy Wine.

14. On or about May 10, 2023 Chelsea informed plaintiff and represented in writing that the Burgundy Wines were "already in route" and that Chelsea expected delivery by the end of the month of May.

15. On or about May 15, 2023 Chelsea sent Invoice 207238 in the amount of $175,000 to Grand Cru in connection with the purchase of the Burgundy Wine.

16. On or about May 15, 2023 Grand Cru paid Chelsea $174,000 in satisfaction of Invoice 207085.

17. On or about May 22, 2023 Grand Cru paid Chelsea $175,000 in satisfaction of Invoice 207238.

18. Grand Cru did not receive the Burgundy Wine within thirty (30) days of payment.

19. Grand Cru has contacted Chelsea repeatedly to inquire regarding the Burgundy Wine.

20. A Chelsea sales representative initially responded to Grand Cru's inquiries and asked Grand Cru to wait a little longer for delivery. Soon thereafter, the Chelsea sales representative stopped responding to Grand Cru's inquiries.

21. Grand Cru thereafter reached Chelsea principal Michael Gancarz.

22. On or about July 14, 2023, Michael Gancarz admitted to Grand Cru that Chelsea was still negotiating with its supplier and that Grand Cru should continue to wait.

23. On or about July 19, 2023 Michael Gancarz admitted to Grand Cru that Chelsea had sold the Burgundy Wine to Grand Cru "pre-sale" to itself and that Chelsea had never received the wine from its supplier, Wilson Daniels.

24. On or about July 19, 2023, Chelsea agreed to refund Grand Cru's purchase price in full, plus interest at 12%.

25. On or about August 11, 2023, $165,000 was refunded.

26. Chelsea has proposed subsequent dates for the remainder of the repayment, but each such date has come and gone with no payment.

27. To date, no other amounts have been refunded and none of the Burgundy Wine has been provided to Grand Cru.

28. Chelsea invoiced Grand Cru before it owned or had possession of the Burgundy Wine and before its allocation of the Burgundy Wine from its supplier Wilson Daniels had been confirmed.

29. Chelsea received and accepted payment from Grand Cru before it owned or had possession of the Burgundy Wine and before its allocation of the Burgundy Wine from Wilson Daniels had been confirmed.

30. Chelsea represented to Grand Cru that the Burgundy Wine was "in route" before it owned or had possession of the Burgundy Wine and before its allocation of the Burgundy Wine from Wilson Daniels had been confirmed.

31. Chelsea represented to Grand Cru that delivery was expected by the end of May before it owned or had possession of the Burgundy Wine and before its allocation of the Burgundy Wine from Wilson Daniels had been confirmed.

32. In addition to the direct damages resulting from Chelsea's breach of contract, Grand Cru has incurred consequential damages flowing from Chelsea's breach because Grand Cru has been required to devote substantial time and effort to the location of replacement wine from various other wine purveyors and because Grand Cru has been required to purchase such wine at substantially higher cost in order to meet the demands of Grand Cru's own customers.

33. The Chelsea invoices to Grand Cru refer to "Chelsea Wine Co." as the counterparty. However, Chelsea instructed Grand Cru to wire payments to Chelsea Wine and Storage, Inc.

34. Upon information and belief, "Chelsea Wine Co." is not a legal entity but rather a d/b/a for the Gancarzes.

35. Upon information and belief, the Gancarzes are the sole owners of Chelsea.

36. Upon information and belief, the Gancarzes have utilized Chelsea as their alter egos.

37. Upon information and belief, the Gancarzes, have commingled their personal funds, the funds of Chelsea Wine and Storage, Inc. and the funds of The Chelsea Winery, LTD. and/or ignored corporate formalities with respect to these entities.

38. Upon information and belief, The Chelsea Winery, LTD. operates under an assumed name as "The Chelsea Wine Vault".

39. Upon information and belief, Chelsea Wine and Storage, Inc. also operates under an assumed name as "The Chelsea Wine Vault".

40. Upon information and belief, Chelsea Wine and Storage, Inc., The Chelsea Winery, LTD., the Gancarzes and their d/b/a Chelsea Wine Co. are alter ego of one another.

41. Upon information and belief, Chelsea Wine and Storage, Inc., The Chelsea Winery, LTD., the Gancarzes and their d/b/a Chelsea Wine Co. utilize the same offices, personnel and materials.

42. Upon information and belief, the Gancarzes have utilized Chelsea Wine and Storage, Inc., The Chelsea Winery, LTD., and their d/b/a Chelsea Wine Co. to abuse the corporate form and to perpetrate the wrongful conduct described in this Complaint.

43. The Gancarzes, as the sole or principal owners of Chelsea Wine and Storage, Inc. and The Chelsea Winery, LTD. remain liable for all of the debts of Chelsea Wine and Storage, Inc., The Chelsea Winery, LTD. and their d/b/a Chelsea Wine Co..

44. Upon information and belief, The Chelsea Winery, LTD. holds the liquor license in connection with the Defendants' business.

45. The Defendants have stated that they do not have the funds to pay the outstanding amounts owed to Grand Cru.

<u>First Claim for Relief</u>
(Breach of Contract)

46. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

47. Plaintiff and Defendants entered into an enforceable agreement pursuant to which Defendants agreed to provide the Burgundy Wine and Plaintiff agreed to pay $349,000 for such wine.

48. Plaintiff fully performed all of its obligations under the agreement by paying Defendants $349,000.

6

49. Defendants materially breached the agreement by failing to provide Grand Cru with the Burgundy Wine.

50. Defendants agreed to provide a full refund to Grand Cru, plus interest at 12%, but only refunded $165,000.

51. As a direct and proximate result of Defendants' material breach of the Agreement, Plaintiff has suffered damages in the principal amount of $184,000 plus interest at 12%, costs and attorneys' fees.

52. Plaintiff also has suffered consequential damages in excess of $75,000 because Grand Cru has been required to purchase the wine from various other wine purveyors at increased costs and labor to meet Grand Cru's commitments to its own customers.

## Second Claim for Relief
### (Unjust Enrichment)

53. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

54. Defendants have been enriched by Grand Cru's payment of $349,000 of which only $165,000 was refunded.

55. Defendants' enrichment was at Grand Cru's expense insofar as Grand Cru did not receive the Burgundy Wine for which Defendants received the payment.

56. Defendants received and retained the benefit provided by Plaintiff.

57. Defendants have failed or otherwise refused to provide Plaintiff with the Burgundy Wine.

58. Defendants have failed or otherwise refused to provide Plaintiff with a full refund.

59. Plaintiff reasonably expected that it would receive the Burgundy Wine or receive a full refund.

60. It is against equity and good conscience to permit Defendants to retain the funds paid by Grand Cru.

61. Defendants have been unjustly enriched by receiving the benefit of payment while failing or refusing to provide the goods or a refund.

62. As a direct and proximate result of Defendants' failure to provide the goods or a refund, Plaintiff has suffered damages in the amount of $184,000, plus interest, and has incurred costs and attorneys' fees in an effort to collect.

Third Claim for Relief
(Misrepresentation)

63. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

64. On or about May 10, 2023 Defendants informed Plaintiff and represented in writing that the Burgundy Wines were "already in route" and that Chelsea expected delivery by the end of the month of May.

65. These affirmative misrepresentations made by Defendants were false when made.

66. Defendants failed to disclose the truth regarding the Burgundy Wine insofar as Defendants failed to disclose that Chelsea invoiced Grand Cru before it owned or had possession of the Burgundy Wine and before its allocation of the Burgundy Wine from its supplier Wilson Daniels had been confirmed.

67. Defendants failed to disclose the truth regarding the Burgundy Wine insofar as Defendants failed to disclose that Chelsea received and accepted payment from Grand Cru before it owned or had possession of the Burgundy Wine and before its allocation of the Burgundy Wine from its supplier Wilson Daniels had been confirmed.

68. Defendants made the above-referenced misrepresentations and failed to disclose the above-referenced facts intending and knowing that Plaintiff would be deceived and that Plaintiff would rely on them.

69. Plaintiff did in fact so rely, its reliance was justifiable, and its reliance redounded to its detriment insofar as Plaintiff was fraudulently induced to purchase the Burgundy Wine and refrained from purchasing the Burgundy Wine from other sources to meet its commitments to its customers.

70. Plaintiff suffered harm as a result of Defendants' misrepresentations, for which Defendants should be adjudged liable to Plaintiff in an amount to be determined at trial, but believed to be in excess of $75,000.

WHEREFORE Plaintiff demands judgment in its favor and against Defendants:

A. On the First Claim for Relief, adjudging the Defendants jointly and severally liable to Plaintiff in an amount to be determined at trial, but in excess of $259,000 plus interest at 12%, costs and attorneys' fees;

B. On the Second Claim for Relief, adjudging the Defendants jointly and severally liable to Plaintiff for damages in an amount to be determined at trial in excess of $184,000 plus interest, costs and attorneys' fees;

C. On the Third Claim for Relief, adjudging the Defendants jointly and severally liable to Plaintiff for damages in an amount to be determined at trial in excess of $75,000 plus interest, costs and attorneys' fees; and

D. Awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York  
November 14, 2023

TRACHTENBERG & ARENA, LLP  
Attorneys for Plaintiff

By: /s/  David G. Trachtenberg  
David G. Trachtenberg (6675)  
dtrachtenberg@talaw.law  
Stephen Arena (6391)  
sarena@talaw.law  
420 Lexington Avenue, Ste 2818  
New York, New York 10170  
(212) 972-1375